IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| Operating Engineers of Wisconsin, <br> IUOE Local 139 and Local 420, <br><br> Plaintiffs, <br><br> v. <br><br> Scott Walker, in his official capacity as Governor; Brad Schimel, in his official capacity as Attorney General for the State of Wisconsin; and, James J. Daley, in his official capacity as Chairman of the Wisconsin Employment Relations Commission, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. <br><br> Judge: <br> Magistrate Judge: |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**Count I**
**Violation of Free Speech Under First Amendment**

**Introduction**

This action is brought under 42 U.S.C. § 1983, and the First and Fourteenth Amendments of the United States Constitution to challenge changes made to Wisconsin Statutes § 111.70, *et seq.*, pursuant to a budget repair bill known as 2011 Wisconsin Act 10 ("Act 10"). In support thereof, Plaintiffs state as follows.

**Jurisdiction and Venue**

1. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States. This Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) because this action seeks to redress the deprivation, under color of state law, of rights secured by the Constitution and laws of the United States.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants reside in this District.

## Parties

3. Plaintiff International Union of Operating Engineers Local 139 ("Local 139") is a labor organization, as defined under the National Labor Relations Act, 29 U.S.C. §152(5) and the Wisconsin Municipal Employee Relations Act, Wis. Stat. 111.70(h), representing approximately 9,500 working men and women in Wisconsin. Local 139 maintains its headquarters in Pewaukee and additional offices in Madison, Altoona, Pewaukee, and Appleton, Wisconsin.

4. Plaintiff International Union of Operating Engineers Local 420 ("Local 420") is a labor organization, as defined under the National Labor Relations Act, 29 U.S.C. §152(5) and the Wisconsin Municipal Employee Relations Act, Wis. Stat. 111.70(h), representing more than 1,600 working men and women in Wisconsin. Local 420 maintains offices in Green Bay and Oak Creek, Wisconsin.

5. Defendant Scott Walker is sued in his official capacity as Governor of the State of Wisconsin. Governor Walker signed Act 10 into law to effectuate the change to Wis. Stat. 111.70.

6. Defendant Brad Schimel is sued in his official capacity as Attorney General for the State of Wisconsin. Defendant Schimel has responsibility for enforcing Wisconsin's laws.

7. Defendant James J. Daley is sued in his official capacity as the Chair of the Wisconsin Employment Relations Commission, which is responsible for enforcing and resolving disputes arising under Wisconsin Statutes §111.70., *et seq.*, including the changes pursuant to Wisconsin's Act 10.

## Legal Background

8. There is now pending before the United States Supreme Court a case titled, *Janus v. AFSCME*, Case No. 16-1466. In it, the Court will consider the question, "Should *Abood v. Detroit Board of Education*, 431 U.S. 209 (1977), be overruled and public sector agency fee arrangements declared unconstitutional under the First Amendment?" BRIEF FOR THE PETITIONER at i.

9. *Abood* says that public employers and the union representatives of their public employees can negotiate collective bargaining agreements which include union security clauses requiring individuals to pay fair share fees as a condition of employment. Such fees, however, can only be used for negotiation and administration of collective bargaining agreements and cannot be used for political purposes, lest they violate the First Amendment.

10. If, however, *Janus* determines that it violates the First Amendment right of a non-member to be compelled to pay fees to the union that is required by law to provide representation and services, it equally violates the rights of the union and its members to require them to use their money to speak on behalf of the non-member. Hence, the right of freedom of thought protected by the First Amendment against state action includes both the right to speak freely and the right to refrain from speaking at all. Similarly, freedom of association plainly presupposes a freedom not to associate.

11. As such, this lawsuit is brought in good faith for the Court to evaluate Act 10, in light of the issues raised in *Janus,* and as such raises arguments not previously ruled upon by either the District Court or the United States Court of Appeals for the Seventh Circuit with respect to Act 10.

3

12. In 2011, the Wisconsin Legislature enacted 2011 Wisconsin Act 10, a budget repair bill that made sweeping changes to the governance of employment relations and collective bargaining for public employees and labor organizations covered by the Municipal Employment Relations Act ("MERA"), Wis. Stat. § 111.70, *et seq.*

13. Among other things, Act 10 amended the statute that governs collective bargaining between municipal employers and their certified representatives under MERA. Wis. Stat. § 111.70(4)(mb)1 reads in part:

> *Prohibited subjects of bargaining; general municipal employees.* The municipal employer is prohibited from bargaining collectively with a collective bargaining unit containing a general municipal employee with respect to any of the following:
>
> > 1. Any factor or condition of employment except wages, which includes only total base wages and excludes any other compensation, which includes, but is not limited to, overtime, premium pay, merit pay, performance pay, supplemental compensation, pay schedules, and automatic pay progressions.

14. Act 10 amended the statute that governs deduction of labor organization dues under MERA. Wis. Stat. § 111.70(3g) reads:

> WAGE DEDUCTION PROHIBITION. A municipal employer may not deduct labor organization dues from the earnings of a general municipal employee or supervisor.

15. Act 10 amended the statute that governs negotiated base wage increases under MERA. Wis. Stat. § 111.70(4)(mb)2 reads, in part:

> (mb) *Prohibited subjects of bargaining; general municipal employees.* The municipal employer is prohibited from bargaining collectively with a collective bargaining unit containing a general municipal employee with respect to any of the following:
> …
> 2. Except as provided in s. 66.0506 or 118.245, whichever is applicable, any proposal that does any of the following:
>
> a. If there is an increase in the consumer price index change, provides for total base wages for authorized positions in the proposed collective bargaining agreement that

4

exceeds the total base wages for authorized positions 180 days before the expiration of the previous collective bargaining agreement by a greater percentage than the consumer price index change.

16. Act 10 amended the statute that governs fair share agreements under MERA. Wis. Stat. §§ 111.70(1)(f) and 111.70(2) read, in part:

> (f) "Fair−share agreement" means an agreement between a municipal employer and a labor organization that represents public safety employees or transit employees under which all or any of the public safety employees or transit employees in the collective bargaining unit are required to pay their proportionate share of the cost of the collective bargaining process and contract administration measured by the amount of dues uniformly required of all members.
>
> …
>
> A general municipal employee has the right to refrain from paying dues while remaining a member of a collective bargaining unit.

17. Act 10 amended the statute that governs recertification elections of the representatives of all bargaining units under MERA. Wis. Stat. § 111.70(4)(d)3b reads, in part:

> Annually, the commission shall conduct an election to certify the representative of the collective bargaining unit that contains a general municipal employee … The commission shall certify any representative that receives at least 51 percent of the votes of all of the general municipal employees in the collective bargaining unit. If no representative receives at least 51 percent of the votes of all of the general municipal employees in the collective bargaining unit, at the expiration of the collective bargaining agreement, the commission shall decertify the current representative and the general municipal employees shall be nonrepresented.

### Factual Allegations

18. Plaintiffs Local 139 and Local 420 (collectively, "the Unions") represent hundreds of Operating Engineers in Wisconsin. The Operating Engineers represented by Local 139 include those who are employed by public employers within Wisconsin, including cities, counties and townships and who perform construction, maintenance and repair work. Local 420-represented Engineers operate and maintain the physical plant systems in buildings throughout Wisconsin and are employed by public employers such as public utilities, and public schools.

5

19. Local 139 has been representing workers in Wisconsin since 1902. Local 420 was formed in 2012 by the merger of three local unions, which together had represented Wisconsin workers for a combined 200 years.

20. Each of the Unions spends significant financial and human resources representing every employee in the bargaining units for which it has been elected "exclusive representative," Union members and non-members alike.

21. Although the work of the Unions benefits all bargaining unit employees, under Wisconsin's law, only those employees who choose to be Union members may be required to pay for the benefits they receive. Any employee who declines Union membership is given a state-sanctioned right to receive all these services for free.

22. Prior to the enactment of Act 10, both Unions routinely negotiated contracts which included a variety of benefits and protections such as health issuance, pensions, seniority rights, and protection against unjust termination. After Act 10, none of those subjects can be negotiated.

23. Prior to the enactment of Wisconsin's Act 10, each of the Unions had, in each of its collective bargaining agreements, a union security clause that required all bargaining unit employees to pay their fair share for the Union's representation.

24. Wisconsin Statute § 111.70, *et seq.*, has caused and continues to cause irreparable injury to the Unions.

25. If *Janus* overrules *Abood*, all Union speech directed to the government will be considered inherently political in nature, indistinguishable from lobbying the government. The exercise of free speech, including political speech, is a fundamental First Amendment right under the U.S. Constitution. Therefore, all subjects of collective bargaining between Plaintiffs and the government are fundamental rights protected by the First Amendment. In limiting several subjects

of bargaining, Act 10 is a content-based restriction infringing on Plaintiffs' rights to free speech under the First Amendment to the U.S. Constitution.

WHEREFORE, Plaintiffs respectfully request for the following relief:

a. A declaration that the changes made pursuant to Act 10, to Wisconsin Statute § 111.70, are unconstitutional in violation of the First Amendment and 42 U.S.C. § 1983 and therefore unlawful and invalid as applied to unions, employers, and employees;

b. An injunction enjoining Defendants, their agents, employees, assigns, and all persons acting in concert or participation with them from enforcing Wisconsin Statute §111.70 to the extent that it limits the subjects of collective bargaining and/or prohibits an employer and a union covered by Act 10 from agreeing that all bargaining unit employees, regardless of union membership status, must pay a service fee for union representation expenses;

c. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and,

d. Such other and further relief as the Court deems just and proper.

## Count II
## Violation of Freedom of Association Under First Amendment

26. Plaintiffs reallege and incorporate herein by reference each and every allegation of Paragraphs 1-29 of Count I as this Count II.

27. The First Amendment protects against State infringement on association and, conversely, State punishment or penalty for the exercise of associational rights. The right of employees to self-organization and to select representatives of their own choosing for collective bargaining without restraint by their employer is a fundamental right. The provisions in Act 10

7

infringe upon association rights to organize as a collective bargaining unit by increasing costs and penalties through its recertification and fair share provisions.

28. By requiring collective bargaining units to hold annual recertification elections in which 51% of eligible employees must vote in favor of recertification and by requiring the collective bargaining unit to pay a certification fee, costs to Plaintiffs are increased.

29. Additionally, although a collective bargaining unit must provide services to all within their unit, Act 10 eliminates fair share agreements that would require non-members to pay their proportionate share of the cost of providing those services. This creates free-riders thereby increasing the financial burden on dues paying members.

30. Therefore, provisions in Act 10 infringe upon the exercise of associational rights by discouraging membership and by making membership financially burdensome. These provisions adversely affect the ability of Plaintiffs to pursue collective efforts thereby infringing on Plaintiffs' associational rights.

WHEREFORE, Plaintiffs respectfully request for the following relief:

a. A declaration the changes made pursuant to Act 10 to that Wisconsin Statute § 111.70, *et seq.*, are unconstitutional in violation of the First and Fourteenth Amendments and 42 U.S.C. § 1983 and therefore unlawful and invalid as applied to unions, employers, and employees;

b. An injunction enjoining Defendants, their agents, employees, assigns, and all persons acting in concert or participation with them from enforcing Wisconsin Statute §111.70 to the extent that it limits the subjects of collective bargaining and/or prohibits an employer and a union covered by Act 10 from agreeing that all bargaining unit employees, regardless of union

membership status, must pay a service fee for union representation expenses;

c.  Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and,

d.  Such other and further relief as the Court deems just and proper.

Dated: February 23, 2018                                  Respectfully submitted,

By: /s/ Mark A. Sweet                                     By: /s/ Brian C. Hlavin

Attorneys for IUOE Local 420                              Attorneys for IUOE Local 139
Mark A. Sweet (WI Bar No. 1024320)                        Brian C. Hlavin (WI Bar No. 1044654)
John M. Loomis (WI Bar No. 1014890)                       Patrick N. Ryan (WI Bar No. 1102188)
Sweet and Associates, LLC                                 Baum Sigman Auerbach & Neuman, Ltd.
2510 East Capitol Drive                                   c/o IUOE Local 139
Milwaukee, WI 53211                                       N27 W23233 Roundy Drive
Ph. 414/332-2255                                          P.O. Box 130
Fx. 414/332-2275                                          Pewaukee, WI 53072
*msweet@unionyeslaw.com*                                  Ph. 312/236-4316
*jloomis@unionyeslaw.com*                                 Fx. 312/236-0241
                                                          *bhlavin@baumsigman.com*
                                                          *pryan@baumsigman.com*

I:\139\ACT 10\2 23 18 complaint declaratory relief [FINAL] bch.ww.docx